In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 24-2854

CARLOS ANTONIO DE PAZ-PERAZA,

*Petitioner*,

*v.*

PAMELA J. BONDI, Attorney General of the United States,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A209-286-063

———————

ARGUED APRIL 16, 2025 — DECIDED JUNE 9, 2025

———————

Before SYKES, *Chief Judge*, and ST. EVE and JACKSON-AKIWUMI, *Circuit Judges*.

ST. EVE, *Circuit Judge*. Carlos Antonio de Paz-Peraza, a citizen of El Salvador, challenges the denial of his claims for asylum and withholding of removal. De Paz-Peraza sought relief based on threats he received from members of the MS-13 gang in El Salvador.

Because substantial evidence supports the Immigration Judge's ("IJ's") determination that de Paz-Peraza failed to establish a nexus between the persecution he experienced and his proffered social group—young male Salvadorans—we deny his petition.

## I. Background

### A. Factual History

Between May and July 2016, MS-13 gang members in El Salvador threatened de Paz-Peraza, then 17 years old. They sent him numerous messages demanding that he join the gang or risk his family's safety. When de Paz-Peraza spoke to his friend, a police officer, about the threats, the officer urged him to leave the country.

Gang members also confronted de Paz-Peraza in person. First, in May 2016, they stole his phone and work tools. Then, on two different occasions in early July, they threatened him with a firearm and demanded he join the gang. Gunfire ensued during the last encounter and both a gang member and de Paz-Peraza's officer friend were shot. De Paz-Peraza testified that he did not report the incident to local police because he believed most officers were corrupt.

Gang violence affected others in de Paz-Peraza's life, too. He testified that gang members killed two of his friends for refusing to join the gang, and sent his brother, who still lives in El Salvador, threatening text messages.

De Paz-Peraza did not meet MS-13 members again in person after July. But he continued to receive threatening messages, as he repeatedly refused to join the gang.

On July 25, 2016, de Paz-Peraza fled to the United States. He testified that his remaining family members in El Salvador live in fear and cannot leave home. Since he left, gang members have asked about him twice—once shortly after his departure and again about two years later.

**B. Procedural History**

Soon after de Paz-Peraza arrived in the United States, the Department of Homeland Security initiated removal proceedings against him. He conceded removability. The same day, he applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), relying on his political opinion and membership in three social groups.

An IJ held a hearing on de Paz-Peraza's application where he testified to the foregoing facts. The IJ found him credible and concluded that he experienced past persecution but denied his asylum application. First, the IJ rejected de Paz-Peraza's reliance on his political opinion, reasoning that he never expressed his political beliefs to gang members. Second, the IJ deemed de Paz-Peraza's proffered social groups—young male Salvadorans threatened by gang violence, male Salvadorans threatened with death by MS-13, and young male Salvadorans—not cognizable.

Finally, even assuming de Paz-Peraza identified a cognizable social group, he failed to show a nexus between the harm he suffered and any proffered group. In the IJ's view, the evidence demonstrated that gang members targeted de Paz-Peraza to fill the gang's ranks and promote its criminal initiatives, not because members associated him with a particular social group.

The IJ denied de Paz-Peraza's withholding of removal claim on the same grounds. As for his request for protection under the CAT, the IJ concluded that de Paz-Peraza feared private criminal actors, not the Salvadoran government, and thus could not establish entitlement to relief.

The Board of Immigration Appeals (the "Board") affirmed the IJ's decision without a written opinion.

In this petition for review, de Paz-Peraza abandons his claim for relief under the CAT and relies only on his identity as a young male Salvadoran to support his claims for asylum and withholding of removal.

## II. Discussion

Because the Board affirmed the IJ's decision without an opinion, "we review the IJ's decision to determine whether it is supported by substantial evidence …." *Hanaj v. Gonzales*, 446 F.3d 694, 699 (7th Cir. 2006). This is a "highly deferential" standard. *Jamal-Daoud v. Gonzales*, 403 F.3d 918, 922 (7th Cir. 2005). We will reverse only if the evidence "compels" a different result, not simply if it "supports" one. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphasis omitted).

To qualify for asylum, de Paz-Peraza must establish he is "unable or unwilling to return to" El Salvador due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A). De Paz-Peraza bases his claim on membership in a particular social group: young male Salvadorans. Where a petitioner claims membership in a social group, he must also establish a nexus between his persecution and the proffered

group. *See Granados Arias v. Garland*, 69 F.4th 454, 462 (7th Cir. 2023).

For purposes of this petition, the government has assumed that "young male Salvadorans" qualifies as a cognizable social group and challenges only nexus. A showing of nexus requires an asylum applicant to "demonstrate that [he] was persecuted 'on account of' [his] membership in the proffered social group." *Id.* at 464 (quoting *Orellana-Arias v. Sessions*, 865 F.3d 476, 485 (7th Cir. 2017)). Group membership must be a "central reason" for persecution, 8 U.S.C. § 1158(b)(1)(B)(i), though it "does not have to be the only reason," *W.G.A. v. Sessions*, 900 F.3d 957, 965 (7th Cir. 2018). Courts regularly decline to find nexus where the persecutors aim to recruit or retaliate for refusal to join their criminal enterprise. *See, e.g., Elias-Zacarias*, 502 U.S. at 483 (the petitioner must establish "the guerrillas will persecute him *because of* [his] political opinion, rather than because of his refusal to fight with them"); *Bueso-Avila v. Holder*, 663 F.3d 934, 939 (7th Cir. 2011) (no nexus where a gang was "attempting to recruit [the petitioner] to their ranks"); *Rivera-Barrientos v. Holder*, 666 F.3d 641, 653 (10th Cir. 2012) (courts "must distinguish between persecution based on social status, and an individualized reaction to the applicant based on her threat to the gang's interests").

We review an IJ's nexus determination under the deferential substantial evidence standard. *See W.G.A.*, 900 F.3d at 965; *Meraz-Saucedo v. Rosen*, 986 F.3d 676, 685 (7th Cir. 2021). De Paz-Peraza's own testimony supports the IJ's conclusion that his persecution related to the gang's recruitment and retaliation goals, not his status as a young male Salvadoran. He testified about countless messages from gang members

threatening to harm him or his family if he refused to join the gang. Each time he addressed his fear of returning to El Salvador, he explained that he believed the gang would kill him for his refusal to join. When asked about the gang's motivation, de Paz-Peraza clarified that they attempted to recruit him to help make them money.

The circumstantial evidence de Paz-Peraza highlights does not compel a different result. He contends that gang members threatened and killed his friends and neighbor, that they began threatening de Paz-Peraza when he was in high school, and that reports and articles reflect that gangs recruit young boys.[1] However "possible" or "legitimate" de Paz-Peraza's position, it is not "so compelling that no reasonable fact-finder" could disagree. *Bueso-Avila*, 663 F.3d at 938 (quoting *Jamal-Daoud*, 403 F.3d at 922) (rejecting asylum petition despite circumstantial evidence that gang targeted the petitioner based on his religion). Because de Paz-Peraza's proffered evidence does not compel a conclusion that the gang persecuted him on account of his membership in a particular social group, we must uphold the IJ's decision.[2]

As de Paz-Peraza's claim does not satisfy the nexus requirement for asylum, it does not satisfy the nexus requirement for withholding of removal. *See Granados Arias*, 69 F.4th

---

[1] We do not decide whether we can appropriately consider de Paz-Peraza's newly presented articles, which exist outside of the administrative record. Even assuming we can take judicial notice of them, Fed. R. Evid. 201(b), they do not change the result.

[2] Because we affirm the IJ's no nexus finding, we do not decide whether "young male Salvadorans" qualifies as a cognizable social group.

at 465 (claims for asylum and withholding of removal carry the same nexus requirement).

*     *     *

No matter how well founded, *see, e.g.*, *Rivera-Barrientos*, 666 F.3d at 653 (commenting that "gang violence is widespread in El Salvador"), fear of violence and crime does not provide a basis for asylum or withholding of removal absent a showing of nexus to a protected group.

For these reasons, we deny the petition for review.